ORIGINAL
FILED

JAN 1 7 2006

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  LAW OFFICE OF MARK E. MERIN
   Mark E. Merin, SBN. 043849
2  Jeffrey I. Schwarzschild, SBN. 192086
   2001 P Street, Suite 100
3  Sacramento, California 95814
   Telephone: (916) 443-6911
4  Facsimile: (916) 447-8336
   Email: mark@markmerin.com
5
   Attorneys for Plaintiffs
6
                                    —o0o—
7
                   UNITED STATES DISTRICT COURT
8
                 NORTHERN DISTRICT OF CALIFORNIA
9
                                    —o0o—

C 06  0810  MMC

10

11  DANIEL SCHAFFER, on behalf of himself     CASE NO:
    and all those similarly situated;
12                                             **CLASS ACTION COMPLAINT**

13              Plaintiffs,                    **DEMAND FOR JURY TRIAL**

14  v.

15  COUNTY OF ALAMEDA, ALAMEDA
    COUNTY SHERIFF CHARLES C.
16  PLUMMER, IN HIS INDIVIDUAL AND
    OFFICIAL CAPACITIES, ALAMEDA
17  COUNTY SHERIFF'S DEPUTIES DOES 1
    THROUGH 50, AND ROES 1 THROUGH
18  20, INCLUSIVE,

19              Defendants.

20

21  PLAINTIFF ALLEGES:

22                              **INTRODUCTION**

23          This is an action for declaratory and injunctive relief, damages, and punitive damages

24  against the COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF CHARLES C.

25  PLUMMER, Individually and in His Official Capacity, ALAMEDA COUNTY SHERIFF'S

26  DEPUTIES sued under their fictitious names as DOES 1 THROUGH 50, and ROES 1 THROUGH

27  20, for violations of plaintiff's constitutional rights resulting from application of ALAMEDA

28  County's and the Sheriff's policies, practices, and customs concerning the use of strip searches and

1 visual body cavity searches in ALAMEDA County Jails. Plaintiff seeks an order declaring illegal
2 defendants' policy of subjecting detainees in their custody to strip and visual body cavity searches
3 before they are arraigned and without having any reasonable suspicion that the searches will be
4 productive of contraband. Plaintiff further seeks an order declaring illegal defendants' policy of
5 conducting the complained of searches in areas which can be and are observed by persons not
6 participating in the searches.

7        Defendants' strip search and visual body cavity search policies, practices, and customs
8 violate those rights of plaintiff, and all those he represents, that are secured by the Fourth and
9 Fourteenth Amendments to the United States Constitution and entitles plaintiff, and all those
10 similarly situated, to recover damages under the Federal Civil Rights Act (42 U.S.C. § 1983).

11        Additionally, plaintiff includes, on behalf of himself and on behalf of all those he
12 represents, supplemental claims under California state law against defendants: 1) for violation of
13 California Penal Code § 4030 which prohibits pre-arraignment strip searches of most
14 misdemeanants, requires such searches be conducted in an area of privacy, and be pre-approved
15 in writing by a supervisors; and, 2) for violation of the Bane Civil Rights Act (California Civil
16 Code § 52 and § 52.1(b)), which provides for civil penalties in cases were persons are coerced to
17 give up their constitutional or statutory rights. California Penal Code § 4030 provides for
18 minimum damages of $1,000 for each illegal search and the Bane Act entitles plaintiff, and each
19 of those he represents, to receive statutory minimum damages of $4,000 per violation.

20 **JURISDICTION**

21        This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and
22 Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 USC
23 §§ 1331 and 1341(3) and (4) and the aforementioned statutory and constitutional provisions.
24 Under 28 USC § 1367(a) the Court has supplemental jurisdiction over the state claims alleged
25 herein.

26 **PARTIES**

27     1.    Plaintiff DANIEL SCHAFFER, and all those similarly situated, are, and at all
28 material times herein, were citizens of the United States and residents of the state of California

1  who were arrested within the period beginning two (2) years before the filing of this Complaint,
2  and continuing to this date, and who were subjected to strip and/or visual body cavity searches at
3  an ALAMEDA County Jail (hereinafter referred to as the "ALAMEDA County Jail"), prior to
4  being arraigned and/or without the defendants first having, and recording in writing, a reasonable
5  suspicion that the searches would be productive of contraband or weapons.

6      2.    Defendant ALAMEDA COUNTY SHERIFF CHARLES C. PLUMMER is, and at
7  all material times referred to herein, was the duly elected Sheriff of the ALAMEDA COUNTY,
8  responsible for administering the Jail facilities and for making, overseeing, and implementing the
9  policies, practices, and customs challenged herein relating to the operation of the ALAMEDA
10  County Jail. He is sued in his individual and official capacities.

11      3.    Defendants ALAMEDA COUNTY SHERIFF DEPUTIES sued herein by their
12  fictitious names (Does 1 through 50) are all deputies who, as part of their duties at the ALAMEDA
13  County Jail, subjected plaintiff, and all those he represents, to pre-arraignment strip and/or visual
14  body cavity searches without having, and/or recording in writing, a reasonable suspicion that the
15  searches would be productive of contraband or weapons and/or conducted the complained of
16  searches so that they could be observed by persons not participating in the searches.

17      4.    At all material times mentioned herein, each of the defendants was acting under the
18  color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages
19  of the state of California, the ALAMEDA COUNTY and/or the Alameda County Sheriff's
20  Department.

21      5.    Defendants whose names are not now known and who are sued by the fictitious
22  names of ROES 1 through 20, are all agents and/or employees of one or another of the other named
23  defendants who ordered, condoned, authorized, covered up, or were otherwise associated with the
24  implementation of the illegal policy and practices relating to strip searches complained of herein.

25      6.    Defendant ALAMEDA COUNTY is, and at all material times referred to herein,
26  was a division of the state of California, that maintained or permitted an official policy or custom
27  or practice causing or permitting the occurrence of the types of wrongs complained of herein,
28  which wrongs damaged plaintiff, and all those similarly situated, as herein alleged. Plaintiff's

1   allegations against the COUNTY are based on acts and omissions of the SHERIFF and his
2   DEPUTIES and on acts and omissions of persons who are COUNTY employees, and on the
3   COUNTY's breach of its duty to protect plaintiff, and all those he represents, from the wrongful
4   conduct of said persons and employees.

5       7.    Defendant ALAMEDA COUNTY SHERIFF CHARLES C. PLUMMER, in his
6   Individual and Official Capacity, also maintained or permitted an official policy or custom of
7   causing or permitting the occurrence of the types of wrongs complained of herein, which wrongs
8   damaged plaintiff, and all those similarly situated, as herein alleged.

9       8.    Class action plaintiffs are those similarly situated who, during the period beginning
10  two (2) years before the filing of this Complaint, and continuing to this date, were subjected by
11  defendants to pre-arraignment strip and/or visual body cavity searches without defendants having,
12  and recording in writing, a reasonable suspicion that the searches would be productive of
13  contraband or weapons, and/or who were strip searched prior to arraignment in an area that was
14  observable by persons not participating in the search.

15                         **FACTS**

16      9.    On or about August 13, 2005, plaintiff DANIEL SCHAFFER (hereinafter referred
17  to as "plaintiff") was arrested allegedly on a traffic warrant and transported to an ALAMEDA
18  COUNTY Jail where, prior to posting bail, he was dressed-in and taken to an area where he was
19  forced to submit to a strip search in a group with several other people who were not participating
20  in the search.

21      10.    Within six (6) months of the aforesaid strip search, plaintiff filed a group
22  Government Tort Claim for himself and for all persons similarly situated (a copy of said claim is
23  attached hereto as Exhibit "A", and incorporated herein to the extent relevant by this reference).
24  Plaintiff's group claim was rejected on or about September 27, 2005, allowing the filing of this
25  class action complaint on state statute and constitutional violations.

26      11.    Plaintiff is informed and believes, and therefore alleges, that defendants routinely
27  follow their policy, practice, and custom of subjecting pre-arraignment detainees, including
28  plaintiff, and all those he represents, to strip and visual body cavity searches without first having,

1   and recording in writing, a reasonable suspicion that the search will be productive of contraband
2   or weapons. Plaintiff is further informed and believes, and therefore alleges, that defendants
3   routinely follow their policy, practice, and custom of conducting the complained of searches in the
4   presence of persons not participating in the searches.

5       12.     Plaintiff is informed and believes, and thereon alleges, that defendants have the
6   ability to identify all such similarly situated plaintiffs, specifically those who, while in defendants'
7   custody, at the ALAMEDA County Jail within two (2) years prior to the filing of this Complaint,
8   were subjected to strip searches and/or visual body cavity searches prior to arraignment without
9   defendants first having, and recording in writing, a reasonable suspicion that the searches would
10  be productive of contraband or weapons.

11      13.     Defendant ALAMEDA COUNTY SHERIFF CHARLES C. PLUMMER is
12  personally responsible for the promulgation and continuation of the strip search policy, practice,
13  and custom pursuant to which plaintiff, and those he represents, were subjected to strip searches.

14      14.     As a result of being subjected to the strip searches complained of herein, plaintiff,
15  and each of the persons similarly situated, suffered physical, mental, and emotional distress,
16  invasion of privacy, and violation of due process of law and state and federal statutory and
17  constitutional rights, and is entitled to recover damages according to proof but, at a minimum,
18  $1,000 as specified in California Penal Code § 4030(p) and $4,000 as specified in California Civil
19  Code § 52 and § 52.1(b).

20                      **CLASS CLAIMS**

21      15.     The strip and visual body cavity searches to which plaintiff, and all those similarly
22  situated, were subjected were performed pursuant to policies, practices, and customs of defendants
23  ALAMEDA COUNTY SHERIFF CHARLES C. PLUMMER, ALAMEDA COUNTY, the
24  individual SHERIFF'S DEPUTIES sued herein by the fictitious names 1 through 50, and the
25  individuals whose names are not now known and who are sued by the fictitious names of ROES
26  1 through 20. The searches complained of herein were performed without regard to the nature of
27  the alleged offenses for which plaintiff, and all those similarly situated, had been arrested, without
28  regard to whether or not plaintiff, or those he represents, was eligible for cite and release under

1  Penal Code § 853.6, without regard to whether or not plaintiff, and each of those similarly situated,
2  was eligible for and/or was released on his or her own recognizance. Furthermore, the searches
3  complained of herein were performed without defendants having a reasonable belief that the
4  plaintiff, or any of those similarly situated, so searched possessed weapons or contraband, and
5  those facts being articulated and recorded in a supervisor-approved document. Finally, the
6  searches complained of herein were performed without defendants taking reasonable precautions
7  to insure that plaintiff, and each of those similarly situated, was searched in an area affording
8  privacy and was not observed by others not participating in the search.

9        16.    Plaintiff brings this action on his own behalf and on behalf of all persons similarly
10 situated pursuant to Rule 23, Federal Rules of Civil Procedure.

11       17.    The class is defined to include all persons who, in the period from and including
12 two (2) years prior to the filing of this Complaint, and continuing until this matter is adjudicated
13 and the practices complained of herein cease, were arrested and subjected to a pre-arraignment
14 strip and/or visual body cavity search at the ALAMEDA County Jail without defendants first
15 having, and recording in writing, a reasonable suspicion that the search would be productive of
16 contraband or weapons. The class also includes all those persons who were subjected to pre-
17 arraignment strip and/or visual body cavity searches in the presence of persons who were not
18 participating in said searches.

19       18.    In accordance with Federal Rules of Civil Procedure, Rule 23(a), the members of
20 the class are so numerous that joinder of all members is impractical. Plaintiff does not know the
21 exact number of class members. Plaintiff is informed and believes, and thereupon alleges, that
22 there are more than 40 persons per day who are arrested by defendants and/or in the custody of
23 defendants and are subjected to the searches complained of herein as a result of defendants' policy,
24 practice, and custom relating to said searches.

25       19.    In accordance with Federal Rules of Civil Procedure, Rule 23(a), plaintiff is
26 informed and believes, and thereupon alleges, that there are many questions of fact common to the
27 class including, but not limited to: (1) whether defendants routinely subject all persons arrested to
28 visual body cavity searches prior to arraignment whether or not they intend such persons to be

Page 6 of 14

DANIEL SCHAFFER, et al. v. HUMBOLDT COUNTY, et al.                    USDC, Northern District, Case No. _____

CLASS ACTION COMPLAINT

1   housed in the ALAMEDA County Jail; (2) whether defendants routinely subject all persons
2   arrested to visual body cavity searches prior to arraignment if they intend such persons to be
3   housed in the ALAMEDA County Jail; (3) whether persons are subjected to strip and/or visual
4   body cavity searches prior to arraignment without there being any reasonable suspicion, based on
5   specific or articulable facts, to believe any particular arrestee has concealed drugs, weapons, and/or
6   contraband in bodily cavities which could be detected by means of a strip and/or visual body cavity
7   search; (4) whether the strip and/or visual body cavity searches are conducted in an area of privacy
8   so that the searches cannot be observed by persons not participating in the searches; (5) whether
9   the strip and/or visual body cavity searches are conducted in groups; and, (5) whether the strip
10   and/or visual body cavity searches are reasonably related to defendants' penological interest to
11   maintain the security of the jail and whether or not there are less intrusive methods for protecting
12   any such interest.

13        20.   In accordance with Federal Rules of Civil Procedure, Rule 23(a), plaintiff is
14   informed and believes, and thereupon alleges, that there are many questions of law common to the
15   class including, but not limited to: (1) whether defendants may perform strip and/or visual body
16   cavity searches on persons prior to their arraignment without reasonable suspicion, based on
17   specific or articulable facts, to believe any particular prearraignment detainee has concealed drugs,
18   weapons and/or contraband which would likely be discovered by a strip and/or visual body cavity
19   search; (2) whether defendants may perform strip and/or visual body cavity searches on persons
20   without first reasonably relating the use of the subject search to defendants' penological interest
21   to maintain the security of the jail and determining if there is a less intrusive method to protect that
22   interest; (3) whether strip and/or visual body cavity searches may be conducted in areas where the
23   search can be observed by people not participating in the search without violating plaintiffs' State
24   and Federal constitutional rights and plaintiffs' State statutory rights; (4) whether or not
25   defendants' strip search policy and procedure is in accordance with the State and/or Federal
26   Constitution; (5) whether or not defendants' policy and procedure of conducting pre-arraignment
27   strip searches in groups violates plaintiffs' State and/or Federal Constitutional rights to privacy;
28   (6) whether or not plaintiffs' claims under Penal Code § 4030 are barred by the provisions of

1  Government Code § 844.6; and, (7) whether or not defendants have an immunity defense to
2  plaintiffs' claims under Civil Code §§ 52 and 52.1, and whether or not those claims are actionable
3  in a class action.

4      21.    In accordance with Federal Rules of Civil Procedure, Rule 23(a), the claims of the
5  representative plaintiff is typical of the class. Plaintiff was searched, prior to arraignment, without
6  reasonable suspicion that a strip or visual body cavity search would produce drugs, weapons or
7  contraband (and without the facts supporting any such suspicion being articulated in a supervisor-
8  approved writing). Representative plaintiff has the same interests and suffered the same type of
9  injuries as all of the class members. Plaintiff's claims arose because of defendants' policy,
10  practice, and custom of subjecting arrestees to strip and/or visual body cavity searches before
11  arraignment without having, and recording in writing, a reasonable suspicion that the search would
12  be productive of contraband or weapons. Each class member suffered actual damages as a result
13  of being subjected to a strip and/or visual body cavity search. The actual damages suffered by the
14  representative plaintiff is similar in type and amount to the actual damages suffered by each class
15  member.

16      22.    In accordance with Federal Rules of Civil Procedure, Rule 23(a), the representative
17  plaintiff will fairly and adequately protect the class interests. Plaintiff's interests are consistent
18  with and not antagonistic to the interests of the class.

19      23.    In accordance with Federal Rules of Civil Procedure, Rule 23(b)(1)(A),
20  prosecutions of separate actions by individual members of the class would create a risk that
21  inconsistent or varying adjudications with respect to individual members of the class would
22  establish incompatible standards of conduct for the parties opposing the complaint.

23      24.    In accordance with Federal Rules of Civil Procedure, Rule 23(b)(1)(B),
24  prosecutions of separate actions by individual members of the class would create a risk of
25  inconsistent adjudications with respect to individual members of the class which would, as a
26  practical matter, substantially impair or impede the interests of the other members of the class to
27  protect their interests.

28  \\\

25.    In accordance with Federal Rules of Civil Procedure, Rule 23(b)(2), plaintiff is informed and believes, and thereupon alleges, that defendants have acted on grounds generally applicable to the class, thereby making appropriate the final injunctive or declaratory relief with respect to the class as a whole.

26.    In accordance with Federal Rules of Civil Procedure, Rule 23(b)(3), this class action is superior to other available methods for the fair and equitable adjudication of the controversy between the parties. Plaintiff is informed and believes, and thereupon alleges, that the interests of members of the class in individually controlling the prosecution of a separate action is low, in that most class members would be unable individually to prosecute any action at all. Plaintiff also is informed and believes, and thereupon alleges, that the amounts at stake for individuals are so small that separate suits would be impracticable. Plaintiff is informed and believes, and thereupon alleges, that most members of the class will not be able to find counsel to represent them. Plaintiff is informed and believes, and thereupon alleges, that it is desirable to concentrate all litigation in one forum because all of the claims arise in the same location; i.e., the ALAMEDA County Jail. It will promote judicial efficiency to resolve the common questions of law and fact in one forum, rather than in multiple courts.

27.    Plaintiff does not know the identities of all of the class members. Plaintiff is informed and believes, and thereupon alleges, that the identities of the class members may be ascertained from records maintained by the ALAMEDA COUNTY and defendant SHERIFF CHARLES C. PLUMMER and the defendants' Sheriff's Department. Plaintiff is informed and believes, and thereupon alleges, that defendants' records reflect the identities, including addresses and telephone numbers, of the persons who have been held in custody in the ALAMEDA County Jails. Plaintiff is informed and believes, and thereupon alleges, that records of, and maintained by defendants reflect who was subject to a strip and/or visual body cavity search, when the search occurred, where the search occurred, whether any reasonable suspicion for the search existed and was recorded in a supervisor-approved writing, whether the search was conducted in a group, when persons searched were arraigned, and the charges on which such persons were arrested. Plaintiff is informed and believes, and thereupon alleges, that all of the foregoing information is contained

DANIEL SCHAFFER, et al. v. HUMBOLDT COUNTY, et al.                    USDC, Northern District, Case No. _____

CLASS ACTION COMPLAINT

1   in defendants' computer system and that the information necessary to identify the class members,

2   by last known addresses, and the dates and reasons for their arrests and/or release from custody,

3   is readily available from said computer system.

4       28.     In accordance with Federal Rules of Civil Procedure, Rule 23(c)(2)(b), class

5   members must be furnished with the best notice practicable under the circumstances, including

6   individual notice to all members who can be identified through reasonable effort. Plaintiff is

7   informed and believes, and thereupon alleges, that defendants' computer records contain a last

8   known address for class members. Plaintiff contemplates that individual notice will be given to

9   class members at such last known address by first class mail. Plaintiff contemplates that the notice

10  will inform class members of the following:

11          i.     The pendency of the class action and the issues common to the class;

12          ii.    The nature of the action;

13          iii.   Their right to "opt out" of the action within a given time, in which event

14                they will not be bound by a decision rendered in the class action;

15          iv.   Their right, if they do not "opt out," to be represented by their own counsel

16                and to enter an appearance in the case; otherwise they will be represented

17                by the named class plaintiff(s) and the named class plaintiff(s)' counsel;

18                and

19          v.    Their right, if they do not "opt out," to share in any recovery in favor of the

20                class, and conversely to be bound by any judgment on the common issues

21                adverse to the class.

22                                   **COUNT ONE**

23        (Violation of Fourth and Fourteenth Amendments to the U.S. Constitution

24              on behalf of Plaintiff and all persons similarly situated)

25      29.     Plaintiff re-alleges and hereby incorporates herein the preceding paragraphs of this

26  complaint, to the extent relevant, as if fully set forth.

27      30.     Defendants' policies, practices, and customs regarding the strip and visual body

28  cavity searches complained of herein violated the rights of plaintiff, and all those similarly situated,

1  under the Fourth Amendment to be free from unreasonable searches and seizures; violated the
2  rights of plaintiff, and all those similarly situated, to due process and privacy under the Fourteenth
3  Amendment; and directly and proximately damaged plaintiff, and all those similarly situated, as
4  herein alleged, entitling plaintiff, and all class members, to recover damages for said constitutional
5  violations pursuant to 42 U.S.C. § 1983.

6      WHEREFORE, plaintiff prays for relief, for himself and for all persons similarly situated,
7  as hereunder appears.

8                                    **COUNT TWO**

9               (California State Unruh Civil Rights Act, Civil Code §§ 52 and 52.1,

10                   on behalf of Plaintiffs and all persons similarly situated)

11      31.   Plaintiff re-alleges and hereby incorporates herein the preceding paragraphs of this
12  complaint, to the extent relevant, as if fully set forth.

13      32.   Defendants' policies, practices, and customs regarding the strip and visual body
14  cavity searches complained of herein violated the rights of plaintiff, and all those similarly situated,
15  to privacy as secured by Article I, Section 1 of the California Constitution and directly and
16  proximately damaged plaintiff, and each of those similarly situated, as herein alleged, entitling said
17  plaintiff, and each of those she represents, to recover a minimum of $4,000 each pursuant to
18  California Civil Code § 52.1 and § 52, in addition to other damages.

19      WHEREFORE, plaintiff prays for relief, for himself and for all persons similarly situated,
20  as hereunder appears.

21                                    **COUNT THREE**

22                      (Violation of California Penal Code § 4030,

23            California State Unruh Civil Rights Act, Civil Code §§ 52 and 52.1,

24                   on behalf of Plaintiffs and all persons similarly situated)

25      33.   Plaintiff re-alleges and hereby incorporates herein the preceding paragraphs of this
26  complaint, to the extent relevant, as if fully set forth.

27      34.   Defendants' policies, practices, and customs regarding the strip and visual body
28  cavity searches complained of herein violated rights secured to plaintiff, and all those similarly

1  situated, under California Penal Code § 4030 and directly and proximately damaged plaintiff, and
2  each of those similarly situated, as herein alleged, entitling plaintiff, and each of those similarly
3  situated, to recover a minimum of $1,000 each pursuant to California Penal Code § 4030(p), and
4  to further minimum damages of $4,000 each pursuant to California Civil Code § 52.1 and § 52,
5  in addition to other damages.

6      WHEREFORE, plaintiff prays for relief, for himself and for all persons similarly situated,
7  as hereunder appears.

8                              **COUNT FOUR**

9      (Invasion of Privacy, on behalf Plaintiff and all persons similarly situated)

10     35.    Plaintiff re-alleges and hereby incorporates herein the preceding paragraphs of this
11  complaint, to the extent relevant, as if fully set forth.

12     36.    By strip searching plaintiff, and all those similarly situated, in a non-private area
13  that could be viewed by persons not participating in the strip search, defendants, and each of them,
14  violated the rights of plaintiff, and each of those similarly situated, to privacy as secured by the
15  California Sate Constitution, Article I, Section 1, and directly and proximately damaged plaintiff,
16  and each of those he represents, by causing emotional distress, humiliation, and embarrassment.

17     WHEREFORE, plaintiff prays for relief, for himself and for all persons similarly situated,
18  as hereunder appears.

19                           **PRAYER FOR RELIEF**

20     WHEREFORE, plaintiff, on behalf of himself and all those similarly situated, seeks
21  judgment as follows:

22     1.     For declaratory and injunctive relief declaring illegal and enjoining, preliminarily
23  and permanently, defendants' policies, practices, and customs of subjecting pre-arraignment
24  detainees to strip and visual body cavity searches without having a reasonable suspicion that such
25  searches would be productive of contraband or weapons and conducting said searches in a non-
26  private area observable by persons not participating in the search;

27     2.     Certification as a class action of plaintiff's complaints concerning defendants'
28  policy, practice, and customs of subjecting pre-arraignment detainees to strip and visual body

DANIEL SCHAFFER, et al. v. HUMBOLDT COUNTY, et al.                                    USDC, Northern District, Case No. _____
                                     CLASS ACTION COMPLAINT

1    cavity searches without having a reasonable suspicion that such searches would be productive of
2    contraband or weapons;

3        3.    For compensatory, general, and special damages for each representative and for
4    each member of the class of plaintiffs, as against all defendants;

5        4.    Exemplary damages as against each of the individual defendants in an amount
6    sufficient to deter and to make an example of those defendants;

7        5.    In addition to compensatory and statutory damages as allowed by law, at least
8    $4,000 for each plaintiff pursuant to California Civil Code § 52.1 and § 52, for each violation
9    thereof;

10       6.    In addition to compensatory and statutory damages as allowed by law and pursuant
11   to California Penal Code § 4030, at least $1,000 for each plaintiff for each violation of California
12   Penal Code § 4030 suffered thereby;

13       7.    Attorneys' fees and costs under 42 U.S.C. § 1988, California Civil Code § 52(b)(3),
14   California Civil Code § 52.1(h), California Code of Civil Procedure § 1021.5 and California Penal
15   Code; and § 4030(p); and

16       8.    The cost of this suit and such other relief as the court finds just and proper.
17   DATED: January 12, 2006          Respectfully submitted,

18                                    LAW OFFICE OF MARK E. MERIN
19
20                                    BY:_____
21                                         Mark E. Merin
                                          Attorney for Plaintiffs
22
23
24
25
26
27
28

1

## DEMAND FOR A JURY TRIAL

2    A JURY TRIAL IS DEMANDED on behalf of plaintiff, and all those he seeks to represent.

3    DATED:  January 12, 2006                Respectfully submitted,

4                                            LAW OFFICE OF MARK E. MERIN

5

6                                   BY:

7                                            Mark E. Merin
                                             Attorney for Plaintiffs

8    S:\WpWork\Strip Search Cases\Schaffer, Daniel\Pleadings\Complaint.wpd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DANIEL SCHAFFER, et al. v. HUMBOLDT COUNTY, et al.                                          USDC, Northern District, Case No. _____
                                            CLASS ACTION COMPLAINT

# EXHIBIT A

# CLAIM AGAINST THE COUNTY OF ALAMEDA       'SEP - 1 2005

## PLEASE TYPE OR PRINT

Please complete the form, retain one (1) copy for your records
and return the original and two (2) copies to:
Clerk, Board of Supervisors Office,
Administration Building, 1221 Oak Street, ,
Room 536, Oakland, CA 94612. Phone: (510) 272-4949.

All attachments which would support your
claim (estimates, bills, receipts, police report, etc.)
must be in triplicate.

CBS CLAIM NO. __2005-283__

**RECEIVED**

FOR CLERK'S 1 2005ONLY

CLERK, BOARD
OF SUPERVISORS

FOR FUTURE INFORMATION ON YOUR CLAIM
PLEASE CONTACT:
Acclamation Insurance Management Services
7901 Oakport St., Suite 3100, Oakland, 94621
Phone No.: (510) 633-5650       Fax: (510) 633-5673

1. *Claimant's Name:* __Schaffer, Daniel Philip__
   (Last, First, Middle Initial)
1.5 *Claimant's PFN (if applicable):* _____
2. *Address:* __7980 Fall Creek Road #305, Dublin, CA 94568__ -
   (number, street, city, state & zip code)       (phone number)
3. *Address to which notices are to be sent, if different from 1 & 2:*
   Name: __Mark E. Merin, Law Office of Mark E. Merin__
   Address: __2001 P Street, Suite 100, Sacramento, CA 95814__ - __916/443-6911__
   (number, street, city, state & zip code)       (phone number)
*4. *Total Amount of Claim:* $__50,000,000.00__    5. *Date of Accident/Loss:* __August 13, 2005__
6. *Location of Accident/Loss:* __Alameda County Jail / Santa Rita Jail, 5325 Broder Blvd.,__
   Dublin, CA 94568
7. *How did Accident/Loss Occur?:* __See attached statement__

8. *Describe Injury/Damage/Loss:* __See attached statement__

9. *Name of Public Employee(s) Causing Injury/Damage/Loss, if known:* __See attached statement__

10. *Itemization of Claim (List items totaling amount set forth in line #4). (Use separate sheet for additional items.)*

| ITEM | AMOUNT | | ITEM | AMOUNT |
|---|---|---|---|---|
| See attached statement | $ | / | | $ |
| | $ | / | | $ |
| | | | *TOTAL AMOUNT OF CLAIM | $ |

11. *Signed by or on behalf of claimant:* _____    Date: __8/31/05__

## NOTICE: Section 72 of the Penal Code provides:

"Every person who, with intent to defraud, presents for allowance or for payment to any state board or officer, or to any county, city or district board or officer, authorized to allow or pay the same if genuine, any false or fraudulent claim, bill, account, voucher, or writing, is punishable either by imprisonment in the county jail for a period of not more than one year, by a fine of not exceeding one thousand ($1,000), or by both such imprisonment and fine; or by imprisonment in the state prison, or by a fine not exceeding ten thousand ($10,000), or by both such imprisonment and fine."

v:\claims\claim form updated 7_05.doc

LAW OFFICE OF MARK E. MERIN
Mark E. Merin, SBN 043849
Jeffrey I. Schwarzschild, SBN 192086
2001 P Street, Suite 100
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Attorney for Claimants

—o0o—

DANIEL SCHAFFER, on behalf of himself and
all those similarly situated;

Claimants,

v.

COUNTY OF ALAMEDA; ALAMEDA
COUNTY SHERIFF'S DEPARTMENT;
ALAMEDA COUNTY SHERIFF CHARLES C.
PLUMMER, in his individual and official
capacities; ALAMEDA COUNTY SHERIFF'S
DEPUTIES DOES 1 THROUGH 50; and ROES 1
THROUGH 20, INCLUSIVE,

Respondents.

CLASS CLAIM SUBMITTED ON BEHALF
OF CLAIMANT AND ALL OF THOSE
SIMILARLY SITUATED WHO WERE
STRIP SEARCHED, ILLEGALLY, AT
ALAMEDA COUNTY JAIL DURING THE
RELEVANT PERIOD [GOVERNMENT
CODE § 910]

Pursuant to the provisions of California Government Code Section 910, claimant, DANIEL

SCHAFFER, on behalf of himself and all those similarly situated, hereby presents the following claim:

(1) CLAIMANTS:

Daniel Schaffer, on behalf of himself and all those similarly situated
c/o Mark E. Merin, Esq.
Law Office of Mark E. Merin
2001 P Street, Suite 100
Sacramento, California 95814
Telephone: 916/443-6911
Facsimile: 916/447-8336

(2) DATE OF INCIDENT:

On or about August 13, 2005

\\\

DANIEL SCHAFFER, et al. v. COUNTY OF ALAMEDA, et al.
CLASS CLAIM

1  (3) LOCATION WHERE INCIDENT OCCURRED:

2       Alameda County Jail
        Santa Rita Jail
3       5325 Broder Blvd
        Dublin, CA 94568

4

5  (4) FACTS:

6       On or about August 13, 2005, claimant Daniel Schaffer was arrested on a traffic warrant and transported

7  to Santa Rita/Alameda County jail where prior to posting bail he was dressed-in and taken to the "cafeteria"

8  where he was forced to submit to a strip search in a group with several other persons.

9       After removing all of his clothes and standing naked in a line with other persons also naked, he objected

10 to complying with the order to "bend over and spread 'em" on the ground that he knew it was a violation of

11 his statutory and constitutional rights whereupon he was forcibly thrown up against the wall and required to

12 complete the strip search/visual body cavity search procedure. The deputy conducting the group strip search

13 stated "you're in my house; you'll do it my way" and affirmed that this was the "protocol" for the facility.

14      The strip search of a person arrested on a crime not involving violence, drugs or weapons, prior to

15 arraignment, constitutes a violation of Penal Code § 4030 and a violation of the state constitution as well as

16 the Fourth Amendment to the United States Constitution.

17      Claimant is informed and believes and thereupon alleges that this group strip search was pursuant to a

18 policy, practice and custom of defendant County and County Sheriff.

19      The "group" strip search is a further violation of the above-mentioned statutes and constitutional

20 provisions. Claimant is informed and believes that this "group" strip search is commonly performed and

21 therefore all persons subjected to such procedure within six (6) months prior to the filing of this claim are

22 eligible to participate in this class claim under state law and that upon filing litigation, it will apply to all

23 persons subjected to illegal strip search at the Alameda County Jail within two years prior to the filing of that

24 anticipated federal complaint.

25 \\\

26 \\\

1 | (5) PERSONS/ENTITIES RESPONSIBLE:

2 |     The County of Alameda, the  Sheriff of Alameda, Charles C. Plummer, unnamed deputy
3 | sheriff/correctional officers Does 1 to 50.

4 | (6) DAMAGES:

5 |     For claimant $100,000 for emotional distress and constitutional violations and denial of the right to
6 | privacy. Plaintiff believes and on that basis alleges that there are at least 100 persons per week who have
7 | similarly been strip searched in violation of their statutory and constitutional rights and that, accordingly, the
8 | total amount demanded by this claim is $50,000,000.

9 | (7) JURISDICTION OF COURT:

10 |     The case, if not settled at the claim level, would be filed in superior court, as the amount in controversy
11 | exceeds $30,000, which court has jurisdiction of this matter or in United States District Court.

12 | DATED: August 29, 2005              Respectfully submitted,

13 |                                 LAW OFFICE OF MARK E. MERIN

14 |

15 |                           BY _____

16 |                                 Mark E. Merin
                                Attorneys for Claimants

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

## DECLARATION OF SERVICE

2 | Claim of Daniel Schaffer, et al. v. County of Alameda, et al.

3 |     I, Kari L. Kalista, CCLS, declare:

4 |     I am a citizen of the United States, over 18 years of age, employed in the County of Sacramento, and not a party to the within action; my business address is 2001 P Street, Suite 100, Sacramento, California 95814.

5 |

6 |     On August 31, 2005, I served the within **CLASS CLAIM SUBMITTED ON BEHALF OF CLAIMANT AND ALL OF THOSE SIMILARLY SITUATED WHO WERE STRIP SEARCHED, ILLEGALLY, AT ALAMEDA COUNTY JAIL DURING THE RELEVANT PERIOD**
7 | **[GOVERNMENT CODE § 910]** on all parties in said action in the following manner:

8 | XXXXX    BY MAIL: I am familiar with this company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U.S. mailbox in the City of
9 | Sacramento, California, during the normal course of business on the same day it is placed in the designated area. I placed a true copy of said document, enclosed in a sealed envelope with first
10 | class postage affixed in the designated area for outgoing mail, addressed as set forth below:

11 | _____    BY PERSONAL DELIVERY: I caused to be personally delivered a true copy of said document to the person(s) at the address(es) set forth below:

12 |

    _____    BY FACSIMILE: I faxed a true copy of said document to the addressee(s) at the number(s) set
13 | forth below; I verified that the transmission was reported by the fax machine as complete and without error; thereafter, I placed a true copy in a sealed envelope with first class postage affixed
14 | in the designated area for outgoing mail, addressed as set forth below:

15 | CLERK, BOARD OF SUPERVISORS OFFICE
ADMINISTRATION BUILDING
16 | 1221 OAK ST RM 536
OAKLAND CA 94612

17 |

    I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was
18 | executed on August 31, 2005, at Sacramento, California.

19 |

20 |                     /original signed by:/
                            Kari L. Kalista, CCLS

21 |

S:\WpWork\Strip Search Cases\Schaffer, Daniel\Government Claim.wpd
22 |

23 |

24 |

25 |

26 |