```
MARK E. MERIN, ESQ (SBN 043849)
CATHLEEN A. WILLIAMS, ESQ. (SBN 068029)
LAW OFFICE OF MARK E. MERIN
2001 P Street, Suite 100
Sacramento, CA 95814
Telephone:  (916) 443-6911
Facsimile:  (916) 447-8336

Attorneys for Plaintiffs

GREGORY J. ROCKWELL, ESQ. (SBN 67305)
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA  94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

Attorneys for Defendants
COUNTY OF ALAMEDA, ALAMEDA
COUNTY SHERIFF CHARLES C. PLUMMER
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL SCHAFFER, on behalf of himself and all those similarly situated;<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF CHARLES C. PLUMMER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, ALAMEDA COUNTY SHERIFF'S DEPUTIES DOES 1 THROUGH 50, AND ROES 1 THROUGH 20, INCLUSIVE,<br><br>　　　　　　Defendants. | Case No.:  C 06 0310 MMC<br><br>**ORDER AND JUDGMENT OF DISMISSAL**<br><br>DATE: **November 16, 2007**<br>TIME: **9:00 a.m.**<br>CTRM: **7**<br>JUDGE: **Hon. Maxine M. Chesney** |

　　　　This matter came on regularly for a Fairness Hearing on November 16, 2007, in Courtroom 7 of the above-entitled Court, the Honorable Maxine M. Chesney presiding.  Plaintiff Class was represented by Class Counsel Mark E. Merin of the Law Office of Mark E. Merin; Defendants were represented by Gregory J. Rockwell of the firm Boornazian, Jensen & Garthe.

-1-

*AMENDED* [PROPOSED] ORDER AND JUDGMENT OF DISMISSAL
*Daniel Schaffer vs. County of Alameda, et al.;* USDC-Nor. Dist. #C06-0310 MMC

After considering the submissions of the parties, including the Stipulated Motion for Preliminary Approval of Provisional Settlement Class and Settlement of Class Action, together with the extensive exhibits attached thereto; the unopposed Application of Plaintiff's Class Counsel for Award of Attorneys' Fees and Costs; the Joint Submission of the Parties in Support of Final Approval of the Amended Stipulation of Settlement; the arguments of counsel; the submission from the Class Claims Administrator, and the objections to the settlement filed with the Court,

IT IS NOW ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. On June 20, 2007, this Court entered its order preliminarily approving settlement of the above-captioned class action. Since the entry of the Court's Preliminary Order, in accordance with the Amended Stipulation of Settlement as proved to the satisfaction of the Court, the requisite notice of the Settlement, with opt-out and objection information, was published in the East Bay Express on July 18, 25 and August 1, 2007, and in the Daily Review, the Oakland Tribune, and the Tri-Valley Herald on July 19, 25, and 31, 2007. The notice of the Settlement and approved claim forms, were posted by First Class Mail to the last-known address of each person in the Settlement Class. Both the published notice and the mailed notice specified that Claim Forms had to be delivered to the Claims Administrator, postmarked no later than October 11, 2007.

2. Both the published and mailed notices specified that any person who chooses to object to the Settlement, either personally or through counsel, and desired to appear at the Fairness Hearing, was required to submit a Notice of Intention to appear, together with written arguments in support of any objection, by October 11, 2007. Five written objections were received by counsel and filed with the Court.

3. The Court finds that the Class should be and hereby is certified under Rule 23(a) and Rule 23(b)(3) because it satisfies all of the requirements for certification as recited by the Court in the hearing on the fairness of the settlement on November 16, 2007.

4. The Court is satisfied from all of the memoranda of law, declarations, and exhibits submitted to the Court that the Amended Stipulation of Settlement is fair, and the Court now finds for the reasons stated on the record at the hearing on November 16, 2007, that the Amended

-2-

*AMENDED* [PROPOSED] ORDER AND JUDGMENT OF DISMISSAL
Daniel Schaffer vs. County of Alameda, et al.; USDC-Nor. Dist. #C06-0310 MMC

1  Stipulation of Settlement is fair and finally approves it as such.  The Amended Stipulation of
2  Settlement is incorporated herein by this reference as if set out in full.
3       5.     The "Settlement Class" means all of those persons who are members of the
4  following defined classes who, during the class periods identified below, were booked at Alameda
5  County Santa Rita or Glenn Dyer Jails, assigned to a housing unit and strip searched at said
6  facilities prior to arraignment on the charges for which they were booked:
7       a.     The following persons shall be referred to as the "Group Search Class":  (1)
8  All arrestees booked into Santa Rita Jail during Class Period 1 on a Felony
9  involving violence, drugs or weapons ("VDW"), or on a VDW Misdemeanor
10 Offense, who were assigned to a housing unit and who underwent a GROUP
11 SEARCH prior to arraignment on the charges on which they were booked during
12 Class Period 1 (January 17, 2004, through December 31, 2006);  (2) All arrestees
13 booked into Santa Rita Jail during Class Period 1 on a non-VDW Offense, but who,
14 during the Five (5) years prior to such Class Period 1 booking, had been arrested in
15 ALAMEDA COUNTY on a VDW Felony or Misdemeanor Offense, or who, at the
16 time of such Class Period 1 booking, were required to submit to a search of their
17 person as a condition of parole or probation, who were assigned to a housing unit
18 and who underwent a GROUP SEARCH prior to arraignment on the charges on
19 which they were booked during Class Period 1.
20      b.     The following persons shall be referred to as the "Illegal Search Class":  All
21 arrestees booked into Santa Rita or Glenn Dyer Jails during Class Period 2 (January
22 17, 2004, through August 31, 2006) on a non-VDW Felony or Misdemeanor
23 Offense, except those who, at the time of such Class Period 2 booking, had been
24 arrested in ALAMEDA COUNTY in the Five (5) years prior to such Class Period 2
25 booking on a VDW Felony or Misdemeanor Offense, or who, at the time of such
26 Class Period 2 booking, were required to submit to a search of their person as a
27 condition of parole or probation, who were assigned to a housing unit and who
28 underwent an ILLEGAL SEARCH prior to arraignment on the charges on which

-3-

*AMENDED* [PROPOSED] ORDER AND JUDGMENT OF DISMISSAL
*Daniel Schaffer vs. County of Alameda, et al.;* USDC-Nor. Dist. #C06-0310 MMC

they were booked during Class Period 2.

6. Persons who previously commenced civil litigation challenging the legality of any strip search at the Alameda County jails during the class period and have prevailed, settled or had their complaints denied on their merits, and persons who have given timely notice of their election to be excluded from the Settlement Class are not included in the Settlement Class.

7. With the exception of the five individuals identified on Exhibit A hereto, who submitted timely requests to the Claims Administrator to opt out of the Amended Stipulation of Settlement, all claims and complaints of the named Representative Plaintiff, together with all persons in the Settlement Class, are now dismissed with prejudice as to all of the Released Persons, defined to include all Defendants, their predecessors, successors, and/or assigns, together with past, present and future officials, employees, representatives, attorneys and/or agents of the County of Alameda. Claims and complaints of such persons are now forever barred, and all Settlement Class Members are enjoined from asserting against any Released Persons any and all claims which the Settlement Class Members had, have, or may have in the future arising out of the facts alleged in the complaint.

8. Each Released Person is released from the claims which any Settlement Class Member has had or may in the future have against any such Released Persons arising out of the facts in the complaint.

9. This Court explicitly finds that the Amended Stipulation of Settlement, which is now made final by this Judgment, was entered into in good faith, is fair and reasonable, and adequate, and is in the best interest of the Class. The Court expressly finds the amount of attorney's fees and costs sought to be fair and reasonable and expressly approves payment to class counsel, Mark E. Merin of the Law Office of Mark E. Merin, in the amount of One Million, One Hundred Seventy-Five Thousand Dollars ($1,175,000.00), as and for attorney fees and costs, for the representation of Settlement Class Members herein, to be paid as provided in the Amended Stipulation of Settlement.

10. The Court further explicitly approves payment from the payment fund of a total of Seventy-Five Thousand Dollars ($75,000.00) to be distributed to the Representative Plaintiff,

-4-

*AMENDED* [PROPOSED] ORDER AND JUDGMENT OF DISMISSAL
*Daniel Schaffer vs. County of Alameda, et al.;* USDC-Nor. Dist. #C06-0310 MMC

Daniel Schaffer, as specified in the Amended Stipulation of Settlement; however, if the amount allocated for the payment of approved claims of Settlement Class Members is not adequate to pay all claims without pro-rata reduction, the payment to the Representative Plaintiff shall be reduced by up to Twenty-Five Thousand Dollars ($25,000.00) or the amount necessary fully to satisfy all claims, whichever is less.  The Court finds the amount is fair and adequate in view of the damages suffered by the Representative Plaintiff and the efforts he expended in litigating this case in the more than two years from the time the original claim was filed.

11. Claims have been submitted and, in accordance with the claims processing procedure specified in the Amended Stipulation of Settlement, will be reviewed, valued, and paid by the Claims Administrator from funds provided by the Defendants as soon as practicable following the effective date of this Judgment, meaning the date it is entered and becomes final. Such Judgment will be deemed final only upon the expiration of the time to appeal or, if a notice of appeal is filed in this matter, upon exhaustion of all appeals and petitions for writ of certiorari.

12. The Court reserves continuing and exclusive jurisdiction over the parties in this action, including Defendants and all Settlement Class Members, to administer, supervise, construe and enforce the Settlement in accordance with the terms for the mutual benefit of all of the parties.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the complaint in this action be dismissed with prejudice and that judgment be and the same hereby is entered pursuant to the terms of this Order.

Dated: November 26, 2007

_____
HON. MAXINE M. CHESNEY
Judge, United States District Court
Northern District of California

-5-

*AMENDED* [PROPOSED] ORDER AND JUDGMENT OF DISMISSAL
*Daniel Schaffer vs. County of Alameda, et al.;* USDC-Nor. Dist. #C06-0310 MMC