IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL SCHAFFER, | No. 06-0310 MMC |
| Plaintiff | **ORDER DENYING MOTION FOR RECONSIDERATION AND/OR REQUEST FOR EXTENSION OF TIME TO FILE CLAIM (LETTER DATED DECEMBER 7, 2007)** |
| v. | |
| COUNTY OF ALAMEDA, et al., | |
| Defendants | |

By Order and Judgment of Dismissal, filed November 26, 2007, the Court approved a settlement of the above-titled class action.

The Court is in receipt of a letter from Terry P. Harding ("Harding"), dated December 7, 2007 and filed by the Clerk on December 11, 2007. Attached to said letter is another letter, which Harding states he had intended to present to the Court at the November 16, 2007 hearing, at which the Court considered whether to approve the settlement. In the attached letter, which is undated and is signed by 12 persons, including Harding, the signatories "object" to the settlement on the ground that such signatories needed additional time to file a claim, for the stated reason they were "'out of the loop' of effective notification."[1]

---

[1] All claims by class members had to be postmarked by October 11, 2007. (See Order for Preliminary Approval of Settlement of Class Action, filed June 20, 2007, at 3:9-10; Amended Stipulation of Settlement, filed June 20, 2007, at 3:2-6 and Ex. 3 at 3.)

The letter attached to Harding's December 7, 2007 letter is characterized by the signatories thereto as an "objection to notification procedure." Harding's December 7, 2007 letter requests the Court consider said "objection" at this time. Given that a final judgment has been entered, the Court construes Harding's letter of December 7, 2007 as a motion for reconsideration of the Order and Judgment of Dismissal, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Alternatively, the letter attached to Harding's December 7, 2007 letter, although characterized as an "objection" to the settlement, can be construed as a request, under the terms of the settlement, for an extension of time to file a claim. In either instance, for the reasons set forth below, no relief is warranted.

**A. Objection to Settlement**

"On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

Harding asserts he was unable to deliver the objection to the November 16, 2007 hearing because he lacked a photo i.d., and, consequently, could not enter the federal courthouse. Assuming, <u>arguendo</u>, Harding did not become aware of the entry requirement within sufficient time to obtain a photo i.d., such unawareness is not a cognizable ground for reconsideration, because an objection presented for the first time on November 16, 2007 would have been untimely. A class member who wished to object to the settlement was required to file his or her objection with the Clerk of the Court no later than October 11, 2007, (<u>see</u> Order for Preliminary Approval at 6:9-7:19); Harding fails to address, in any

respect, why he did not file his objection by October 11, 2007.[2]

Moreover, even if it had been properly presented, the objection would not have warranted rejection of the settlement. Although the 12 signatories imply they did not receive actual notice of the proposed settlement within sufficient time to file a claim by October 11, 2007,[3] any such failure to receive actual notice before October 11, 2007 would have been an insufficient reason to reject the settlement. See Silber v. Mabon, 18 F. 3d 1449, 1454 (9th Cir. 1994) (holding district court did not err in approving settlement, even though class member did not receive actual notice of proposed settlement within sufficient time to opt out of settlement). Notice to a class is sufficient when the notice given is the "best notice practicable" under the circumstances. See id. In the instant case, the Court found the manner of notice given to the class to be the "best means practicable of providing notice under the circumstances." (See Order for Preliminary Approval at 4:11-21; Order and Judgment of Dismissal at 2:9-16.) The class herein was notified by First-Class Mail,[4] by publication in four different newspapers located in the geographic areas in which the alleged claims arose, and by a web page on which the notice could be obtained. Harding does not argue that such notice was not the "best notice practicable," let alone state what additional notice would have been necessary to constitute the "best notice practicable."

Accordingly, Harding's motion for reconsideration is hereby DENIED.

---

[2] The deadline to file objections is unambiguously set forth in the Notice of Proposed Settlement of Class Action Strip Search Case. Harding does not deny receiving said Notice.

[3] None of the signatories expressly denies receiving notice of the proposed settlement before October 11, 2007.

[4] Defendants provided the claims administrator with the last known address of each class member. (See Fitzgerald Decl., filed November 5, 2007, ¶ 2.) Before mailing the notices, the claims administrator processed the addresses through the National Change of Address Database to update the addresses. (See id.) After the notices were mailed, the claims administrator remailed all notices that had been returned with updated addresses, (see id. ¶ 7), and, with respect to notices returned with undeliverable addresses, performed address searches and located updated addresses for the majority of such class members, (see id. ¶ 9).

**B. Request for Extension of Time to File Claim**

The settlement approved by the Court provides that a class member is "barred from receiving any payment" from the settlement funds if the class member does not file a claim by the "Bar Date," which, as noted, was October 11, 2007, or by "any other Court mandated extension." (See Amended Stipulation of Settlement at 14:12-14.) Such provision allows the Court to extend the October 11, 2007 deadline to file a claim, even after entry of judgment. Here, however, there is an insufficient showing by the signatories as to why an extension of time should be afforded to them. As noted, the signatories do not expressly deny receiving notice before October 11, 2007, nor do they set forth any basis, except in the most conclusory terms, for the need of an extension beyond that date.[5] Further, there is no showing the signatories have submitted their proposed claims as of the present date, which is more than two and a half months after the October 11, 2007 deadline. Under such circumstances, an extension of time is not warranted.

Accordingly, the request for an extension of time to file a claim is DENIED.

**IT IS SO ORDERED.**

Dated: January 2, 2008

_____
MAXINE M. CHESNEY
United States District Judge

---

[5] For example, the signatories refer to their being "dependent on the help of others to negotiate and finance the application procedure." The claim form does not require a class member to "negotiate" a claim, however, nor does it require any financial payment by a class member, other than the use of a postage stamp. To the extent a class member needed assistance to complete the form, the notice advised the class that any member could contact class counsel, whose name, address, and telephone number were provided therein.

4