IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL SCHAFFER,<br><br>    Plaintiff<br><br>  v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>    Defendants<br>_____/ | No. 06-0310 MMC<br><br>**ORDER DENYING ROBERT ANDERSON'S MOTION TO APPROVE LATE CLAIM** |

    Before the Court is claimant Robert Anderson's ("Anderson") letter, dated January 7, 2009 and filed by the Clerk of the Court on January 9, 2009, which letter the Court has construed as a motion to approve a late claim in the above-titled class action. (See Order, filed January 30, 2009.) Anderson argues that because he did not learn of the instant action until after the deadline to file a claim had passed, the Court should exercise its discretion to allow his late claim.[1] At the Court's direction, class counsel has filed two responses to Anderson's motion, and Anderson, with leave of court, has filed a reply. Having read and considered the parties' respective submissions, the Court rules as follows.

---

[1] According to class counsel, if Anderson's claim had been timely submitted, he likely would have received a payment of $35.00.

The deadline to file claims in the above-titled class action was October 11, 2007. Notice of the settlement, including notice of said deadline, was provided by mail to the last known address defendants had available for each class member,[2] and was also provided in four newspapers of general circulation. (See Order, filed November 26, 2007, ¶ 1.) Additionally, reminder postcards were mailed by the Settlement Administrator to thousands of potential claimants who had not submitted claims. (See Fitzgerald Decl., filed November 5, 2007, ¶ 10.) Consequently, to the extent Anderson's motion may be construed as implicitly challenging the form of notice provided, the Court finds the methods employed were "the best notice that [was] practicable under the circumstances." See Fed. R. Civ. P 23(c)(2)(B).

Turning to the issue of whether there exists sufficient grounds to allow a late claim, the Court initially observes that "in the distribution of a large class action settlement fund, a cutoff date is essential and at some point the matter must be terminated." See In re Gypsum Antitrust Cases, 565 F.2d 1123, 1127-28 (9th Cir. 1977) (internal quotation and citation omitted). Here, consistent with the Court's having set a deadline to submit claims, and the best practicable method of providing notice of the deadline having been employed, no late claims received to date have been paid by the Settlement Administrator. (See Class Counsel's Supp. Response, filed February 19, 2009, at 2:18-19.) Although there may exist circumstances under which it may be proper to grant a late claim, such as where a claimant requests a claim form before the deadline and does not receive the form until after the deadline has passed, see, e.g., In re Gypsum, 565 F.2d at 1128 n.7, a class member's lack of actual notice of the deadline until after it has passed is, standing alone,

---

[2]The Settlement Administrator, who mailed the notices to class members, did not simply rely on the addresses provided by defendants. Rather, the Settlement Administrator processed the names and addresses it received from defendants through the National Change of Address Database and updated the addresses before the initial mailing, (see Fitzgerald Decl., filed November 5, 2007, ¶ 2), remailed notices returned by the United States Postal Service with updated addresses (see id. ¶ 8), and, to the extent notices were returned as undeliverable, employed a "third party locator" who was able to locate updated addresses for the majority of claimants whose notices had been returned as undeliverable (see id. ¶ 9).

insufficient to warrant relief, particularly where, as here, no late claims have been paid. See id. at 1128 (affirming district court's denial of late claim where claimant "made no showing that its claim was treated in a fashion inconsistent with those of other claimants similarly situated"; stating that although it is "regrettable" late claims were not paid, "there has to be a cutoff point").

      Accordingly, Anderson's motion is hereby DENIED.

      **IT IS SO ORDERED.**

Dated: March 17, 2009

_____
MAXINE M. CHESNEY
United States District Judge